# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:18-cv-00542-MR

| | |
|---|---|
| JULITA NIVENS, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>ANDREW SAUL, Commissioner )<br>of Social Security, )<br>)<br>      Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 12] and the Commissioner's Motion for Summary Judgment [Doc. 15].

## I.  BACKGROUND

On April 11, 2014, Julita Nivens (the "Plaintiff") applied for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of January 1, 2014.  [Transcript ("T.") at 306-18].  On the same date, the Plaintiff also applied for supplemental security income under Title XVI of the Act, again alleging an onset date of January 1, 2014.  [Id.].  The Plaintiff's request was initially denied on November 18, 2014, and upon reconsideration on March 23, 2015.  [Id. at 164-65, 200-01].

On the Plaintiff's request, a hearing was held on May 30, 2017 before an Administrative Law Judge ("ALJ"). [Id. at 107-29]. On August 2, 2017, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of January 1, 2014. [Id. at 68-79]. On August 9, 2018, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1-7]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017

WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age,

education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity from her alleged onset date, January 1, 2014. [T. at 70]. At step two, the ALJ found that the Plaintiff has the following severe impairments: degenerative disc disease, anxiety disorder, affective disorder, and substance use disorder. [Id. at 71]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id.]. The ALJ then determined that the Plaintiff's RFC, notwithstanding her impairments, allowed her to

> lift or carry 20 pounds occasionally and 10 pounds frequently. She could stand or walk for six hours in an eight-hour workday. She could sit for six hours in an eight-hour workday. She could push or pull in the

6

> limits for lifting and carrying. She could frequently climb ramps, stairs, ladders, ropes, and scaffolds. She could frequently stoop, kneel, crouch, and crawl. She could [sic] avoid concentrated exposure to hazards such as dangerous machinery or work at unprotected heights. The claimant could understand, remember, and carry out simple work instructions and tasks at an SVP 2 level. She could have occasional contact with co-workers, supervisors, and the general public. She should not do teamwork types of job duties. She should not work with the general public as a primary job duty.

[Id. at 73].

At step four, the ALJ found that the Plaintiff is unable to perform any past relevant work. [Id. at 77]. At step five, based upon the testimony of the VE, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including bindery machine feeder (Dictionary of Occupational Titles ("DOT") number 653.686-026), folding machine operator (DOT number 208.685-014), and collator operator (DOT number 208.685-010). [Id. at 78]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from January 1, 2014, the alleged onset date, through August 2, 2017, the date of the decision. [Id. at 79].

7

## V. DISCUSSION[1]

As one of her assignments of error, the Plaintiff argues that the ALJ failed to properly incorporate the Plaintiff's mental limitations regarding concentration, persistence, and pace into the RFC as required by Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). [Doc. 13 at 16-17].

In Mascio, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v. Comm'r, 631 F.3d 1176, 1180 (11th Cir. 2011)). Because "the ability to perform simple tasks differs from the ability to stay on task," an RFC limited to simple, routine, repetitive tasks fails to adequately account for moderate limitations in concentration, persistence, and pace. Id.

Here, the ALJ sought to account for the Plaintiff's "moderate limitation" in "concentrating, persisting or maintaining pace," [T. at 72], by restricting the Plaintiff to "simple work instructions and tasks at an SVP 2 level." [Id. at 73]. This is precisely the logical leap that is prohibited under Mascio. See Clark v. Berryhill, No. 5:16-cv-52-GCM, 2017 WL 3687927, at *2 (W.D.N.C. Aug.

---
[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

25, 2017) (Mullen, J.) ("In limiting [the plaintiff] only to 'simple, routine, repetitive tasks involving only one, two, and three step instructions,' the ALJ did not adequately account for the [plaintiff's] difficulties with concentration, persistence, or pace.") (citing Mascio, 780 F.3d at 632); see also Buchanan v. Saul, No. 1:19-CV-00030-MR, 2019 WL 5073916, at *3 (W.D.N.C. Oct. 8, 2019) (Reidinger, J.); Kittrell v. Colvin, No. 5:14-cv-163-RJC, 2016 WL 1048070, at *4 (W.D.N.C. Mar. 6, 2016) (Conrad, J.); Scruggs v. Colvin, No. 3:14-cv-466-MOC, 2015 WL 2250890, at *5-6 (W.D.N.C. May 13, 2015) (Cogburn, J.).

More particularly, the Plaintiff's moderate limitation in concentration, persistence, or pace also is not accounted for by the ALJ's restriction to tasks and instructions at "an SVP 2 level." [T. at 73]. SVP level reflects "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." Dictionary of Occupational Titles, Appendix C: Components of the Definition Trailer, Section II. Specific Vocational Preparation (SVP) 1991 WL 688702. As such, a limitation to SVP 2 level tasks and instructions focuses on the ability to perform simple tasks and instructions, which differs from "the ability to stay on task," Mascio, 780 F.3d at 638 (quoting Winschel, 631 F.3d at 1180), which is relevant here.

9

The ALJ found no other restrictions in the RFC to account for the Plaintiff's moderate limitation in concentration, persistence, or pace. As such, the ALJ failed to explain how the Plaintiff's RFC related to or accounted for the Plaintiff's difficulties with concentration, persistence, or pace.

A reviewing court cannot be "left to guess about how the ALJ arrived at her conclusions on [a plaintiff's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended." Mascio, 780 F.3d at 637. It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189 (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills, 2017 WL 957542, at *4 (citation omitted).

As such, the Court must remand the case on this ground so that the ALJ can properly evaluate the Plaintiff's RFC by accounting for the Plaintiff's moderate limitation in concentration, persistence, or pace. See Mascio, 780 F.3d at 636. Upon remand, it will be crucial that the ALJ carefully perform a function-by-function analysis of Plaintiff's mental limitations and work abilities, and thereafter "build an accurate and logical bridge from the

evidence to his conclusion." Monroe, 826 F.3d at 189 (citation omitted). A narrative assessment describing how the evidence supports each conclusion, as required by SSR 96-8p, is essential and should account for Plaintiff's limitation in concentration, persistence or pace and include an assessment of whether Plaintiff can perform work-related tasks for a full workday. See Scruggs, 2015 WL 2250890, at *5 (applying Mascio to find that an ALJ must not only provide an explanation of how a plaintiff's mental limitations affect her ability to perform work-related functions, but also her ability to perform them for a full workday).

## V. CONCLUSION

For the reasons stated, the Court will remand this case for further administrative proceedings. On remand, the ALJ should conduct a proper function-by-function analysis of the Plaintiff's mental residual functional capacity and account for a Plaintiff's limitation in concentration, persistence, or pace. See Mascio, 780 F.3d at 636.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 12] is **GRANTED**, and the Commissioner's Motion for Summary Judgment [Doc. 15] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the

Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

    **IT IS SO ORDERED.**

Signed: November 11, 2019

Martin Reidinger
United States District Judge